OPINION
Appellant, Craig Conley, appeals from his conviction and sentence in the Portage County Municipal Court, Ravenna Division, on the charge of disorderly conduct, a minor misdemeanor. The following facts are relevant to a determination of this appeal.
On May 24, 1998, Midwest Fireworks, owned and operated by Larry Lomaz, and located on State Route 224 in Deerfield Township, Ohio, was conducting a country music concert on its premises. Across the street from Midwest Fireworks is property owned by Jesse Carver. At the time of this concert, certain civil litigation had been instituted against Midwest Fireworks based upon an allegation of the violation of local zoning ordinances. Jesse Carver had intervened in the pending case and was represented by appellant, a licensed attorney at law. In the interest of investigating an alleged zoning violation on behalf of his client, appellant decided to attend the concert. He took with him a potential expert witness, Patrice Theken, Zoning Administrator for Jackson Township in Stark County, Ohio.
While Jesse Carver's property was directly across the street from Midwest Fireworks, his house was situated on the property approximately .2 miles south of Midwest Fireworks. On the day of the concert, appellant had permission from Carver to park his car on Carver's property directly across the street from Midwest Fireworks on a driveway used to access an oil well. Midwest Fireworks was charging a fee for parking on its property.
Appellant parked on Carver's property and walked across State Route 224 with Theken and a friend of hers to attend the concert. They were met in the Midwest Fireworks parking lot by two parking lot attendants who told them that they could not park across the street and that their car would be towed. They attempted to explain that "walk-ups" were not allowed and that everyone attending the concert had to park on Midwest Fireworks grounds.
Appellant took exception to the lot attendants' requests, insisting that he had permission from the property owner to park where he did. An argument ensued whereupon the lot attendants radioed Donald Brodie, the event coordinator who was also in charge of security. It is disputed as to exactly what occurred when Brodie arrived on the scene. While it is clear that the arguing continued, appellant claimed that Brodie repeatedly pushed him backward until appellant was standing in the street.
According to Brodie, however, he merely put his arms out to the side in an attempt to block appellant from walking around him. Appellant became aggressive and belligerent and used many profanities. When Brodie asked appellant to leave the premises, appellant brought his arm up in a fast motion as if to strike or push Brodie. Brodie claimed that he felt threatened by appellant's actions and he grabbed appellant's arm, put it behind appellant's back, and walked appellant off the premises. Brodie stated that appellant was resisting and swearing the entire time.
On June 8, 1998, a criminal complaint was filed against appellant on the charge of disorderly conduct, a minor misdemeanor, in violation of R.C. 2917.11. A bench trial was conducted on September 17, 1998. Appellant was found guilty and fined $25 plus court costs. Appellant timely filed a notice of appeal and has now set forth the following assignment of error:
 "The evidence was insufficient to support the disorderly conduct conviction under Section 2917.11(A)(1) and there was no evidence that appellant inconvenienced, annoyed or alarmed anyone by threats to person or property or engaging in violent or turbulent behavior."
In his sole assignment of error, appellant contends that there was insufficient evidence to sustain his conviction for disorderly conduct. Specifically, appellant asserts that there was no evidence presented that he inconvenienced, annoyed or alarmed anyone by threats to person or property or that he engaged in violent or turbulent behavior. We disagree.
The test for reviewing sufficiency of the evidence was set forth by the Supreme Court of Ohio in State v. Jenks (1991),61 Ohio St.3d 259:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus.
Appellant was convicted of violating R.C. 2917.11
which provides, in relevant part:
 "(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following:
 "(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior;"
R.C. 2901.22 defines the culpable mental states in Ohio and provides, in pertinent part:
 "(C) A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature."
In the present case, Brodie testified that appellant was "belligerent" and "aggressive" and used a continuous stream of profanities, including the following statements: "Get the fuck out of my way," and "I can park anywhere I fuckin' feel like it." Once Brodie informed appellant that he would not be allowed into the concert even if his car was moved, Brodie claimed that appellant's whole demeanor changed. There was testimony that appellant was within a foot of Brodie when he suddenly brought his arm up in a fast motion causing Brodie to feel "very threatened" not knowing whether appellant was trying to strike him or push him.
The state also presented the testimony of Jason Rounds, one of the parking lot attendants who first confronted appellant and who witnessed the exchange between appellant and Brodie. Rounds' testimony was consistent with Brodie's testimony except that according to Rounds, the action of appellant in raising his arm was not "a real fast" movement, but done in a manner as if "to push somebody out of the way." Witnessing these events made Rounds feel "nervous" and "scared."
When the evidence is viewed in light most favorable to the prosecution, we must conclude that a rational trier of fact could have found the essential elements of disorderly conduct proven beyond a reasonable doubt. While the language used by appellant could be considered offensive, the language itself would probably not support a conviction for disorderly conduct. See State v.Wood (1996), 112 Ohio App.3d 621, 627. However, between the language and the actions of appellant, including his resistance to leave the premises and his threatening gesture of raising his arm toward Brodie, there was sufficient evidence to satisfy the essential elements of the disorderly conduct statute. Clearly, both Brodie and Rounds were annoyed, inconvenienced, or alarmed by appellant's actions and verbal attack.
Accordingly, we conclude that the trial court's decision was supported by ample evidence. Appellant's sole assignment of error is without merit.
We note, however, that we are troubled in this case by the judgment entry finding appellant guilty. Specifically, at first glance, it appeared as though it was missing the trial court judge's signature, as is required by Civ.R. 58. After further review, we now believe that a series of scribbles found just below the sentence was the judge's signature. In the future, the better practice would be to sign one's name in a manner that resembles a signature and informs the defendant of who it is that is finding him or her guilty.
The judgment of the trial court is, nonetheless, hereby affirmed.
FORD, P.J., NADER, J., concur.